# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Antonette L.N.,<br><br>                    Plaintiff,<br><br>vs.<br><br>Frank Bisignano, Commissioner of Social Security,<br><br>                    Defendant. | Case No. 2:25-cv-00630-MDC<br><br>**ORDER DENYING PLAINTIFF'S REQUESTED RELIEF (ECF NO. 14) AND AFFIRMING THE ADMINSTRATIVE LAW JUDGE** |

This matter involves plaintiff Antonette L.N.'s ("Plaintiff") request to reverse and order a remand to the Administrative Law Judge's ("ALJ") final decision denying her social security benefits.[1] Plaintiff filed her brief (ECF No. 14), defendant Commissioner of Social Security ("Commissioner") filed an opposition brief (ECF No. 16), and Plaintiff filed a Reply Brief (ECF No. 17). The Court **DENIES** Plaintiff's requested relief and **AFFIRMS** the ALJ's final decision for the reasons below.

## I.    BACKGROUND

This case arises under the Social Security Act, Title II. On August 1, 2022, Plaintiff completed an application for disability insurance benefits ("DIB"). *Administrative Record ("AR") 316–22*. The application was denied initially and on reconsideration. *AR 129-42*, *144-56*. Plaintiff then requested a hearing before an administrative law judge ("ALJ"). ALJ Kathleen Kadlecheld a hearing on January 11, 2024, and an additional hearing on November 6, 2024. *AR 42-86*, *87-120*. On January 3, 2025, the

---

[1] Pursuant to the request in the Commissioner's Notice of Manual Filing (ECF No. 13 at 1 n.1), the Court also substitutes current defendant Leeland Dudek for current Commissioner of Social Security Frank Bisignano.

ALJ issued an unfavorable decision stating that Plaintiff did not suffer a disability from the alleged onset date of October 5, 2017, through the date last insured of December 31, 2022. *AR 12-41*.

Plaintiff requested review (*AR 295-97*), and the Appeals Council denied the request, making the ALJ's decision the final decision of the Commissioner (*AR 1-6*). Per 42 U.S.C. § 405(g), Plaintiff seeks judicial review of the Commissioner's final decision on several grounds. Plaintiff argues that the ALJ improperly evaluated her subjective testimony of limitations and symptoms and the medical opinions in the record.

## II.   DISCUSSION

### A.   Standard of Review

The Court has jurisdiction to review the final decision of the Commissioner for substantial evidence and error of law. 42 U.S.C. § 1383(c). The Fifth Amendment prohibits the government from depriving persons of property without the due process of law. *U.S. Const. amend. V*. Social Security plaintiffs have a constitutionally protected property interest in Social Security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision denying benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g).

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (*quoting* 42 U.S.C. § 405(g)). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (defining what a mere scintilla of evidence is).

The substantial evidence threshold "is not high" and "defers to the presiding ALJ, who has seen the hearing up close." *Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020) (citation omitted); *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (substantial evidence "is a highly deferential standard of review"). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**B.    The Social Security Five-Step Disability Inquiry**

Under the Social Security Act, "disability" is the inability to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant to Social Security benefits is disabled if his physical or mental impairment(s) are so severe that he could not do his previous work or any other substantially gainful work existing in the national economy when considering his age, education, and work experience. *See* 42 U.S.C. § 1382c(a)(3)(B). The Social Security Commissioner has a five-step process to determine if a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). The claimant has the burden of proof for steps one through four and if the claimant can satisfy the burden for each step, the burden shifts to the Commissioner for step five. *Ford*, 950 F.3d at 1148-1149. The steps are followed in order and if the claimant is found not disabled at any step, the inquiry ends.

In the first step, the claimant must establish that he does not engage in "substantial gainful activity." *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the Commissioner considers whether the claimant has an impairment or combination of impairments that are "severe" and significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) & (c), 416.920(a)(4)(ii) & (c). In the third step, the Commissioner determines

3

whether the claimant's impairments meet or are the equivalent of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 which are presumably sufficient to preclude gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii) & (d), 404.1525(a), 416.920(a)(4)(iii) & (d), and 416.925(a). If the claimant's impairment meets or equals one of the listed impairments, and is of sufficient duration, he is conclusively presumed disabled. §§ 404.1520(a)(4)(iii) & (d), 416.920(a)(4)(iii) & (d). If the claimant's impairment is severe but does not meet or equal one of the listed impairments, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), (e), (f), 416.920(a)(4)(iv), (e), (f). Past relevant work is work that the claimant performed in the last 15 years that lasted long enough for him to learn to do it and was substantial gainful activity. 20 C.F.R. §§ 404.1565(a), 416.920(a). In making this determination, the Commissioner assesses the claimant's residual functional capacity ("RFC") and the physical and mental demands of the work previously performed. *See* §§ 404.1565(a), 416.920(a); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). RFC is what the claimant can still do despite his limitations. *Id.* (citing 20 C.F.R. §§ 404.1545(a)(1)). In determining the RFC, the Commissioner must assess all evidence, including the claimant's and others' descriptions of the limitations and medical reports, to determine what capacity he has for work. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

The claimant can return to previous work if he can perform the "actual functional demands and job duties of a particular past relevant job," or "[t]he functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (citation omitted) (internal quotation marks omitted). If the claimant can still do past relevant work, he is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see also Berry*, 622 F.3d at 1231.

If the claimant cannot perform past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work available in the national economy. 20 C.F.R. §§ 404.1520(e), 416.920(e). This means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 528 (9th Cir. 2014). The Commissioner must also consider the claimant's RFC, age, education, and past work experience to determine whether he can do other work. *Yuckert*, 482 U.S. at 141-42. The Commissioner may meet this burden either through the testimony of a Vocational Expert or by reference to Medical–Vocational Guidelines grids. *Tackett v. Apfel*, 180 F.3d 1094, 1100-1101 (9th Cir. 1999).

If the Commissioner establishes at step five that the claimant can do other work which exists in the national economy, then he is found to be not disabled. 20 C.F.R. §§ 404.1566(b), 416.966(b). Conversely, if the Commissioner determines the claimant unable to adjust to any other work, then he is found disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

### C.    Plaintiff's Arguments Are Unpersuasive

The Court finds that the ALJ properly evaluated Plaintiff's subjective testimony regarding limitations and symptoms and medical opinion evidence. Plaintiff argues that the ALJ improperly found her subjective testimony regarding physical and mental limitations and symptoms unpersuasive when evaluating her RFC. Plaintiff further argues that the ALJ improperly found as unpersuasive the medical opinions of Drs. Ana Olivares and Marisa Hendron from the state agency and Plaintiff's treating psychiatrist, Dr. Danielle Chipchura, regarding her mental functioning.

//

//

//

//

### i.    The ALJ Properly Evaluated Plaintiff's Subjective Testimony Regarding Physical and Mental Limitations and Symptoms

Relevantly here, ALJ assessed Plaintiff as having the RFC to perform light work with the following limitations: Plaintiff can operate foot controls occasionally and can stand and walk for a total of 4 hours in an 8-hour workday. The ALJ also found regarding Plaintiff's RFC that:

> She can reach overhead frequently. She can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds. She can stoop, kneel, crouch, and crawl occasionally. She cannot be exposed to heights or commercial driving but can tolerate occasional exposure to moving mechanical parts, working outside, non-atmospheric extremes of cold/heat, and vibrations. She can understand, remember, and carry out detailed but not complex tasks and can interact with supervisors frequently and coworkers and the public occasionally. There is no limitation on sitting.

*AR 21-22*. In making this determination, the ALJ rejected Plaintiff's subjective testimony where:

> "[f]unctionally speaking, [Plaintiff] estimated she could stand and walk for 30 minutes . . . . could lift 5 pounds . . . . needs assistance bending . . . . difficulty squatting, reaching, sitting, kneeling, and stair climbing [and]  . . . . mental limitation… including difficulty remembering, completing tasks, concentrating, understanding, following instructions, and getting along with others."

*AR 22-23*.

In evaluating if the ALJ's decision is supported by substantial evidence, courts look on if "the ALJ improperly rejected [the claimant's] testimony as to the severity of his pain and symptoms." *Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024) (citation omitted) (internal quotation marks omitted). To determine whether a claimant's symptom testimony is credible, the ALJ engages in the following analysis: "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) (citation omitted) (internal quotation marks omitted). A claimant is "not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Id.* (emphasis omitted)

(citation omitted). A complaint need not produce "objective medical evidence of the pain or fatigue itself, or the severity thereof." *Id.* (citation omitted).

"If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of [their] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1014-15 (citation omitted). "The clear and convincing standard is the most demanding required in Social Security cases." *Id.* (citation omitted). The clear and convincing statement ultimately requires the ALJ to show his or her work. *Ferguson*, 95 F.4th at 1199. If the ALJ fails to provide specific, clear, and convincing reasons for discounting the claimant's subjective symptom testimony, then the ALJ's determination is not supported by substantial evidence. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007).

There is no dispute that Plaintiff satisfied the first step of the above analysis and that there is no evidence of malingering. The Court finds that the ALJ gave clear and convincing evidence to reject Plaintiff's subjective testimony regarding physical and mental limitations and symptoms.

### a.      Plaintiff's Physical Limitations and Symptoms

Plaintiff argues the ALJ failed to consider the consistent "waxing and waning" of her back pain and objective medical evidence about her physical injuries in the record. *ECF No. 14* at 10-12. She also claims ALJ failed to find that "more aggressive treatment options were available or appropriate for [Plaintiff]'s impairments." *Id.* at 11. However, the ALJ properly noted that Plaintiff consistently found pain relief with conservative treatments (i.e. acupuncture, laser, and injections) throughout the relevant period and "has not required surgical intervention nor has she used an assistive device for ambulation[.]" *See AR 22-25* (citing to various medical records in the record). Further, the ALJ found that Plaintiff doing CrossFit during the relevant period "suggested [that Plaintiff had] much more functioning than alleged [in her subjective testimony.]" *AR 24*. Plaintiff doing strenuous exercises like CrossFit during the relevant period is a basis to discredit her subjective testimony about his physical

symptoms and limitations. *See Lewis v. Colvin*, No. SA CV 14–00769 (AS), 2015 WL 4507172, at *5 (C.D. Cal July 23, 2015) (finding that a plaintiff beginning to do CrossFit was a proper reason to discredit that plaintiff's testimony regarding his symptoms and limitations). Plaintiff argues that her doing CrossFit does not contradict her subjective testimony because she still felt pain, had to stop doing CrossFit in September 2022, and thereafter only did modified versions of it. *ECF No. 14* at 11-12; *see also ECF No. 17* at 5-6. The Court disagrees and finds that the ALJ reasonably found Plaintiff's use of CrossFit "suggested [that Plaintiff had] much more functioning than alleged [in her testimony.]" *AR 24*; *see also Lewis*, 2015 WL 4507172, at *5.

The ALJ and Commissioner also state that Plaintiff's May 2022 trip to the Philippines was inconsistent with her subjective testimony of physical limitations and symptoms. *AR 24*; *ECF No. 16* at 5-6. Plaintiff argues that the ALJ did not properly develop the record regarding Plaintiff's ability to travel. *ECF No. 14* at 12. However, "the ALJ is not required to discuss every piece of evidence in the record when reaching his conclusions[.]" *M.A.G. by the Through Basso v. Kijakzi*, No. 2:23-cv-01595-EJY, 2024 WL 1695114, at *5 (D. Nev. April 18, 2024) (citation omitted). Therefore, the ALJ does not need to "draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). Here, the ALJ reasonably analyzed Plaintiff's trip to the Philippines when finding that it supported finding Plaintiff's subjective testimony of physical limitations and symptoms unpersuasive. *See AR 24-25*. Altogether, the ALJ thus gave clear and convincing evidence to find Plaintiff subjective testimony of physical limitations and symptoms unpersuasive.

### b.   Plaintiff's Mental Limitations and Symptoms

Plaintiff's argument that the ALJ did not consider her self-reported inventories in mental health examinations showing worsening anxiety and depression also fails. *ECF No. 14* at 13-14; *see also ECF No. 17* at 7. The ALJ can discount evidence in the record when there is materially conflicting evidence. *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-1395 (9th Cir. 1984). The ALJ here

reasonably relied on sufficient materially conflicting evidence to find that she was still intact "save for her mood." *AR 25-26* (citing medical evidence regarding Plaintiff's mental state).

Plaintiff also claims that her participation in group therapy was not "inconsistent with her reports of difficulty with crowds" as it was part of a prescribed medical treatment. *ECF No. 14* at 14. However, the ALJ also relied on objective medical evidence, Plaintiff's conservative mental health treatment, and her ability to do classes at the gym and shop when finding that her subjective testimony was unpersuasive. *AR 25-26*. Altogether, the ALJ thus gave clear and convincing reasons to reject Plaintiff's subjective testimony regarding her mental limitations and symptoms.

ii.    **The ALJ Properly Evaluated The Medical Opinions Regarding Plaintiff's Mental Functioning**

In evaluating Plaintiff's RFC, the ALJ evaluated the medical opinions of Drs. Ana Olivares and Marisa Hendron from the state agency and of Plaintiff's treating psychiatrist, Dr. Danielle Chipchura, and found that they were unpersuasive regarding Plaintiff's mental functioning. *AR 29*. Drs. Olivares and Hendron's opined that Plaintiff was mentally capable of performing simple tasks in a well-spaced work setting, having superficial coworker interactions, and having limited public contact. *See AR 29, 139-141, 153-155*. Dr. Chipchura opined that Plaintiff had severe impairments in her anxiety and depression with no useful ability to function in several areas. *See AR 7996-8001, 8972-8977*.

Plaintiff argues that the ALJ improperly substituted her medical opinion in place of medical professionals. *See ECF No. 14* at 17-18. However, an ALJ can reject medical opinions as unsupported or inconsistent by providing an explanation supported by substantial evidence. 20 C.F.R. § 404.1520c(b)(2); *see Woods v. Kijakzi*, 32 F.4th 785, 791-92 (9th Cir. 2022); *Stiffler v. O'Malley*, 102 F.4th 1102, 1106 (9th Cir. 2024). Foremost, the ALJ noted that Dr. Chipchura only began to see and evaluate Plaintiff's mental health in 2023, after the relevant period at issue ended on December 31, 2022. *See AR 29*. Plaintiff fails to explain why Dr. Chipchura's opinion should be considered given

that she started treating Plaintiff after the relevant period. *See generally ECF No. 14*. Further, and as noted above, the ALJ gave substantial evidence from the record during the relevant period that Plaintiff's mental health was unremarkable save for her mood and not as severe as the opinions indicate. *AR 25-29* (citing various medical evidence from the record) Thus, the ALJ provided an explanation supported by substantial evidence when finding as unpersuasive Dr. Olivares, Hendron, and Chipchura's medical opinions regarding Plaintiff's mental functioning. *AR 29*.[2]

**IV.    CONCLUSION**

In sum, the Court finds that the ALJ did not err in evaluating Plaintiff's subjective testimony of limitations and symptoms and the medical opinions in the record.

ACCORDINGLY,

**IT IS ORDERED that:**

1.  Plaintiff's requested relief in her Brief (ECF No. 14) **DENIED**.

2.  Commissioner's Brief (ECF No. 16) requesting to affirm is **GRANTED**.

3.  The Clerk of Court is directed to enter final judgment **AFFIRMING** the decision of the Administrative Law Judge.

4.  The Clerk of Court shall **CLOSE** this case.

DATED: May 11, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

---

[2] Plaintiff briefly argues that the vocational expert that the ALJ relied on when stating that Plaintiff could work as an office helper, routing clerk, and marking clerk should have considered "the impact of a well-spaced work setting and superficial coworker interactions on the existence of national jobs at step-five." *ECF No. 14* at 19. Because the ALJ properly found as unpersuasive Drs. Olivares and Hendron's medical opinion regarding Plaintiff's mental functional at work as stated above, the Court finds no error in how the ALJ treated the vocational expert's opinion.